SUPREME LODGE KNIGHTS AND LADIES OF HONOR v. STAPF et al.

(Supreme Court, Special Term, Albany County.    October 20, 1916.)

1. INTERPLEADER ⬤⟞8(1)—RIGHT—ADVERSE CLAIMS.

An insurer standing ready to pay into court the sum admitted to be due on a certificate of insurance to the person legally entitled thereto, and showing that it was claimed by the beneficiary named in the certificates at the death of the insured, and by the insured's heirs at law claiming that the change of beneficiary was void, was not required to establish the validity of the adverse claims, but simply to show that the amount was claimed adversely by the defendants, without collusion on its part, and hence was entitled to interplead, pay the amount into court, and to an order permanently staying all proceedings against it by the adverse claimants.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 11; Dec. Dig. ⬤⟞8(1).]

2. INTERPLEADER ⬤⟞10—DISPUTED CLAIMS—AMOUNT.

In such action brought under Code Civ. Proc. § 820a, relating to a debtor's action of interpleader, where the real parties in interest were the defendants as between themselves, the fact that the plaintiff stated the amount involved to be $2,000, and that some of the defendants claimed that interest should be added, did not create such a dispute as to the amount as would require the court to deny the interpleader.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 12; Dec. Dig. ⬤⟞10.]

Action by the Supreme Lodge Knights and Ladies of Honor against J. Philip Stapf and others. Order entered permitting plaintiff to pay into court the sum of money admitted to be due on certificates, with interest to date of payment, with an injunction staying all proceedings on the part of defendants in any other action against the plaintiff with respect to the proceeds of the certificates.

Joline, Larkin & Rathbone, of New York City, for plaintiff.

C. Bertrand Race, of Albany, for defendants J. Philip Stapf, Rose Stapf, Margaret Hyland, and Joseph Stapf.

Daniel H. Prior, of Albany, for defendant Anna S. Schleifer.

RUDD, J.   [1] The plaintiff asks, under an order to show cause, for an order staying permanently all proceedings in the action of Anna S. Schleifer against the plaintiff herein and for an order permitting the plaintiff to pay into court the sum of $2,000 due under a certain certificate of insurance issued by plaintiff in the sum of $2,000 payable to the beneficiary named therein upon the death of Philip S. Stapf.

Prior to the death of the insured, the name of the beneficiary in the certificate was changed. Anna S. Schleifer was the beneficiary named when the insured died. The heirs at law of the insured, Philip S. Stapf, allege and formally claim that the change of beneficiary was void, and that the heirs at law are entitled to the proceeds of the insurance certificate, and that Anna S. Schleifer is not so entitled. The plaintiff stands ready to pay the sum due to the person or persons found legally entitled thereto. Much confusion has heretofore existed between the respective claimants under claims which have been made,

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

but the plaintiff has always stood ready to make payment under the certificate to the legal owner thereof, but naturally is not now, nor has it been, in a position to determine judicially as between the rival claimants.

The equity powers of the court should properly be invoked to aid in the prompt solution of such questions as are here presented, to the end that unnecessary litigation may be avoided and multiplicity of actions prevented. The plaintiff does not know, and little cares, who, as between the claimants to this fund, is the one legally entitled to the money, and is not required in the action here pending to "establish the validity of the adverse claims, but simply is required to show that the whole or part of the debt is claimed adversely by the defendants without collusion on the part of the plaintiff." That requirement has been met by the plaintiff. The fund is so claimed by parties adverse one to the other. The plaintiff cannot aid in the solution of the question as to which is the rightful claimant, and ought not to be called upon to take part in the litigation unnecessarily, when as a fact the plaintiff stands neutral and only as a stakeholder.

[2] This action is brought under section 820A of the Code of Civil Procedure. The real parties in interest are the defendants as between themselves. While the plaintiff sets forth as the amount involved the sum of $2,000 and some of the defendants state that that is not the correct amount because interest should be added, there does not arise thereby such a dispute as to the amount involved as would require the court to deny for that reason the motion of plaintiff. Empire Engineering Corp. v. Mack, 217 N. Y. 85; 111 N. E. 475.

The plaintiff upon the argument of this motion recognized that an item of interest was involved.

Interest has accrued from the time payment was due. The amount really in dispute is, as the plaintiff admits, the principal sum of $2,000 with interest added.

An order may be entered permitting plaintiff to pay into court the sum of $2,000 with interest to date of payment, and the order may also provide for an injunction staying all proceedings on the part of these defendants in any other action as against the plaintiff with respect to matters at issue concerning the proceeds of the certificate of insurance.